**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Lon Fredrick Collier,<br><br>Petitioner,<br><br>v.<br><br>Attorney General of the State of Arizona, et al.,<br><br>Respondents. | No. CV-18-01442-PHX-RCC<br><br>**ORDER** |

On February 16, 2021, Magistrate Judge Maria S. Aguilera issued a Report and Recommendation ("R&R") in which she recommends this Court: deny Petitioner Lon Fredrick Collier's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, dismiss this matter with prejudice, and decline to issue a certificate of appealability. (Doc. 63.) Petitioner filed an objection, which Respondents answered. (Docs. 67, 68.) For the following reasons, The Court adopts the Magistrate Judge's R&R and dismisses the § 2254 habeas petition.

**I.   Standard of Review**

The standard of review of a magistrate judge's R&R is dependent upon whether or not a party objects: where there is no objection to a magistrate's factual or legal determinations, the district court need not review the decision "under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *see also* Fed. R. Civ. P. 72 advisory committee note to 1983 addition ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept

the recommendation" of a magistrate judge.) However, when a party objects, the district court must "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

**II.    Discussion**

    **A.    Grounds Two and Three**

In Ground Two, Petitioner alleges that his second confession was coerced and admitted at trial in violation of his right to due process. (Doc. 30 at 21–24.) Judge Aguilera recommends that this claim be denied because the totality of the circumstances, shown in the video of Petitioner's interrogation, demonstrate that Petitioner's confession was voluntary. (Doc. 63 at 16–19.) In Ground Three, Petitioner alleges that his counsel was ineffective for not filing a motion asking the trial judge to reconsider a prior evidentiary ruling. (Doc. 30 at 25–31.) Judge Aguilera recommends that this claim be denied because counsel could have reasonably believed that it would be futile to request reconsideration, and thus the Arizona Court of Appeals could reasonably conclude that counsel's performance was not deficient. (Doc. 63 at 9–10.) In addition, Judge Aguilera states dismissal is appropriate because Collier cannot establish prejudice since the evidence that he committed aggravated assault was overwhelming, regardless of whether his confession was precluded at trial. (*Id.* at 10–11.)

Petitioner has not objected to Judge Aguilera's recommendations. The Court has reviewed her recommendations for clear error and has found none.

    **B.    Ground One**

In Ground One, Petitioner alleges that his counsel was ineffective for not filing a motion to suppress based on an illegal search and seizure at his family-owned business. (Doc. 30 at 13–20.) Judge Aguilera recommends that this claim be denied because Petitioner's counsel could have reasonably believed that Petitioner's encounter with the sheriff's deputy was consensual, and thus the Arizona Court of Appeals could reasonably

1  conclude that counsel was not deficient for not filing a motion. (Doc. 63 at 7–9.) Petitioner
2  objects to the recommendation, arguing essentially that the encounter was not consensual.
3  (Doc. 67 at 2.) This objection will be overruled.

4        Petitioner's argument overlooks the dispositive issue. The issue is not whether the
5  police illegally searched his business, or whether his counsel was deficient for not filing a
6  motion to suppress. The issue is whether the Arizona Court of Appeals was objectively
7  unreasonable in concluding that counsel was not deficient. *See* 28 U.S.C. § 2254(d). As to
8  Ground One, the Court finds the state court's conclusion was reasonable.

9        An attorney is not deficient under *Strickland v. Washington*, 466 U.S. 668 (1984),
10 for refusing to file a motion that he reasonably believes will fail. *Juan H. v. Allen*, 408 F.3d
11 1262, 1273 (9th Cir. 2005). Here, several factors—Petitioner's age, the time of day, the
12 location, the proximity of Petitioner's mother and other members of the public, and the
13 lack of coercion present on the tape recording—indicated that the encounter was
14 consensual. Petitioner concedes that his counsel investigated and was aware of these
15 factors. Regardless of the controverting factors highlighted by Petitioner, his counsel could
16 have reasonably determined that the encounter was consensual and that a suppression
17 motion raising that issue lacked merit. Even were the reasonableness of counsel's conduct
18 a close call, the Arizona Court of Appeals could reasonably conclude that counsel was not
19 deficient. Petitioner has not overcome the limitations of 28 U.S.C. § 2254(d).

20     **C.**    **Ground Four**

21       In Ground Four, Petitioner alleges that his counsel was ineffective for not filing a
22 motion to suppress based on a Sixth Amendment violation. (Doc. 30 at 32–37.) Judge
23 Aguilera recommends that this claim be denied because Petitioner's counsel could have
24 reasonably doubted there was a Sixth Amendment violation, and thus the Arizona Court of
25 Appeals could reasonably conclude that counsel's performance was not deficient. (Doc. 63
26 at 11–12.) Judge Aguilera alternatively recommends that this claim be denied on the basis
27 that Petitioner cannot establish prejudice because the evidence that he committed
28 aggravated assault was overwhelming even if his confession had been suppressed on Sixth

Amendment grounds. (*Id.* at 12.)[1] Petitioner objects, arguing that Respondents made a judicial admission that he was represented by counsel at the time of his confession, which, if true, requires the conclusion that his Sixth Amendment right to counsel was violated. (Doc. 67 at 3.) This objection will be overruled.

As an initial matter, Petitioner does not object to Judge Aguilera's alternative finding that his claim would fail on de novo review because he cannot establish prejudice. This finding is sufficient by itself to deny Petitioner's claim. The Court has reviewed that finding for clear error and has found none.

Furthermore, Petitioner's objection is without merit. Petitioner relies on the following statement: "As in *Montejo*, the defendant was represented after his initial appearance." (Doc. 32-5 at 22.) This statement does not constitute a judicial admission. The statement is ambiguous as to when Petitioner secured representation. Moreover, in context, the statement was immaterial because the point at which Petitioner secured counsel was irrelevant under the rule being (erroneously) applied by Respondents.[2] Such an innocuous comment does not have the effect urged here by Petitioner. Petitioner offers no other objection, and the Court agrees with the recommendation.

### D. Ground Five

In Ground Five, Petitioner alleges that his counsel was ineffective for not filing a motion to suppress based on an illegal arrest. (Doc. 67 at 4.) Judge Aguilera recommends that this claim be denied because counsel could have reasonably believed that the victim's testimony sufficed to establish probable cause, and thus the Arizona Court of Appeals could reasonably conclude that counsel was not deficient for not filing a motion. (Doc. 63 at 12–14.) Petitioner objects, arguing that the police lacked probable cause because they should have been suspicious that the victim was lying and thus performed a more thorough investigation. (Doc. 67 at 5–9.) This objection will be overruled.

---

[1] As Judge Aguilera correctly noted, the Sixth Amendment is "offense specific" and attaches only when a "prosecution is commenced." *McNeil v. Wisconsin*, 501 U.S. 171, 175 (1991). Petitioner's confession to sexual abuse was not suppressible under the Sixth Amendment because no charges had been filed against him for that conduct.

[2] As Judge Aguilera accurately indicated, *Montejo* has no applicability to Petitioner's case because it was decided after his convictions. (Doc. 63 at 11.)

- 4 -

1    Petitioner points to facts that he believes undermined the existence of probable
2 cause, e.g., the police knew that Petitioner had disciplined the victim for skipping school,
3 the victim first revealed the abuse after an acquaintance described his abuse, and the victim
4 refused to participate in a "confrontation call" to try and trick Petitioner into confessing.
5 (*Id.* at 5–6.) These facts, Petitioner argues, should have led the police to infer that the victim
6 was possibly lying, such that additional investigation was required. (*Id.* at 6.) Even if this
7 is true, though—and the Court finds it is not—that does not answer the question before the
8 Court: Did the state court reasonably conclude that counsel was not deficient for failing to
9 file a motion asserting a lack of probable cause? *See* 28 U.S.C. § 2254(d).

10   The answer to this question is yes. Tellingly, Petitioner skates over the striking
11 amount of detail provided by the victim in her statement about the abuse. Counsel could
12 have reasonably weighed this direct evidence against the inferences highlighted by
13 Petitioner and concluded that the police had probable cause. That belief, of course, would
14 make it reasonable to not file a motion based on a lack of probable cause. The Court would
15 hold on de novo review that counsel was not deficient under *Strickland*, thus the Arizona
16 Court of Appeals' decision was not objectively unreasonable under 28 U.S.C. § 2254(d).

17   **E.  Ground Six**

18   In Ground Six, Petitioner alleges that his counsel was ineffective for not filing a
19 motion to suppress based on an illegal entry into the curtilage of his home. (Doc. 30 at 60.)
20 Judge Aguilera recommends that this claim be denied because counsel could have
21 reasonably believed that an illegal-entry claim was meritless under *New York v. Harris*,
22 495 U.S. 14 (1990). (Doc. 63 at 14–15.) Specifically, Judge Aguilera found that because
23 counsel could have reasonably believed that there was probable cause to arrest, he could
24 also have reasonably believed, under *Harris*, that a trespass into Petitioner's curtilage or
25 home (assuming one occurred) did not invalidate Petitioner's subsequent stationhouse
26 confession. (*Id.* at 15.) Petitioner objects, arguing that Judge Aguilera found a
27 constitutional violation and that his confession should have been suppressed as the direct
28 product of that violation. (Doc. 67 at 9–10.) This objection will be overruled.

Petitioner is incorrect that Judge Aguilera found a constitutional violation, but the issue is immaterial. In *Harris*, the United States Supreme Court held that "where the police have probable cause to arrest a suspect, the exclusionary rule does not bar the State's use of a statement made by the defendant outside of his home, even though the statement is taken after an arrest made in the home in violation of [the Fourth Amendment]." 495 U.S. at 21. As previously explained, Judge Aguilera found that Petitioner's counsel could have reasonably concluded that the police had probable cause to arrest. It follows that counsel could have also reasonably concluded that Petitioner's confession was admissible *even if his warrantless arrest was a violation of the Fourth Amendment*. The arrest was supported by probable cause, and the confession was given at the stationhouse—not at Petitioner's home, where Fourth Amendment protections apply—so counsel could have reasonably determined that the confession was admissible under *Harris*. The Court agrees with this reasoning and that the Arizona Court of Appeals was reasonable in concluding that counsel was not deficient. 28 U.S.C. § 2254(d).

**IT IS ORDERED** that the Report and Recommendation is **ADOPTED**. (Doc. 63.) The Report and Recommendation and this Order constitute the decision of the Court.

**IT IS FURTHER ORDERED** that Petitioner Lon Fredrick Collier's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 30) is **DENIED** and **DISMISSED WITH PREJUDICE**. The Clerk of Court is directed to enter judgment accordingly and close this case.

**IT IS FURTHER ORDERED** pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 26th day of August, 2021.

Honorable Raner C. Collins
Senior United States District Judge